

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 17, 2013**

**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **JONESBORO HOSPITALITY, LLC** | § | **CASE NO: 13-34324-HDH** |
| | § | |
| Debtor. | § | (Chapter 11) |

## AGREED INTERIM ORDER PROVIDING FOR ADEQUATE PROTECTION AND ALLOWING USE OF CASH COLLATERAL

On this day there came on for interim consideration JONESBORO HOSPITALITY, LLC's Emergency Motion for Use of Cash Collateral (the "Motion") pursuant to Sections 105, 361, 363 and 364 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4001, with respect to the use of cash collateral of Ciena Capital LLC as servicer for Bank of New York Mellon Trust Company, N.A. f/k/a the Bank of New York Trust Company, N.A., not in its individual capacity but solely as Indenture Trustee under that certain Indenture dated as of March 1, 2006, as the same may be amended from time

1

to time, for the benefit of the Indenture Trustee and the holders of Business Loan Express Business Loan-Backed Notes, 2006-A and the Hedge Counter party, as their respective interest may appear (the "Lender").  The Lender appeared by and through its counsel, Howard Marc Spector, and Debtor appeared by and through its proposed counsel, Joyce Lindauer.  The Court finds that notice is sufficient and appropriate and that no objections to the Debtor's request have been filed.  The parties announced to the Court that an agreement has been reached respecting the authority of the Debtor to use Lender's cash collateral as reflected in this Agreed Interim Order Providing for Adequate Protection and Allowing Use of Cash Collateral (this "Cash Collateral Order").  The Debtor represented to the Court that it will comply with the terms of this Cash Collateral Order.  The parties hereto stipulate and agree as follows, and the Court hereby adopts said stipulation and agreement as findings of fact and conclusion of law as set forth below, and subject to the limitations set forth herein:

## I.    **FINDINGS OF FACT**

    A.    This Court has jurisdiction of this contested matter pursuant to 28 U.S.C. §§ 157(b)(2)(G) and 1334 and 11 U.S.C. §§ 361, 362 and 363.  This is a core proceeding.

    B.    On August 27, 2013 (the "Petition Date"), the Debtor filed its Voluntary Petition in Bankruptcy under Chapter 11 of the Bankruptcy Code.  Since that date, the Debtor has remained in possession of its property and operated its affairs as a debtor-in-possession.

    C.    The operation of the Debtor's business requires that funds constituting Lender's cash collateral, as that term is defined in 11 U.S.C. § 363(a), be used by the Debtor to continue to meet its ordinary operating expenses.  An immediate and critical need exists for the Debtor to obtain funds in order to continue the operation of its business consisting of a hotel doing business at 3006 Caraway Road, Jonesboro, Arkansas. Without such funds, the Debtor will not be able to pay its operating expenses and obtain goods and services needed to carry on its business during this sensitive period in a manner that will avoid irreparable harm to the Debtor's estate. At this time, the Debtor's ability to use cash collateral is vital to the confidence of the Debtor's vendors and suppliers of the goods and services, and to the preservation and maintenance of the going concern value of the Debtor's estate.

D. Appropriate notice and opportunity for hearing on this Cash Collateral Order have been given in accordance with the provisions of Sections 361, 362 and 363 of the Bankruptcy Code.

E. It is in the best interest of the Debtor's estate, its creditors and other parties-in-interest for the Debtor to use Lender's cash collateral in accordance with the terms of this Cash Collateral Order because such action will enable the Debtor to continue its on-going operations and will enhance the possibility of a successful reorganization in this case.

F. All of the parties hereto have acted in good faith in connection with this Cash Collateral Order.

G. Lender claims that it has a validly perfect first-priority lien on substantially all assets of the Debtor (the "Collateral").

H. Lender has consented to the use of its cash collateral, upon the terms and conditions of this Cash Collateral Order but not otherwise.

I. The Debtor is currently in possession of the cash collateral.

## II.     CONCLUSIONS OF LAW

A. Lender, as the holder of a secured claim against the Debtor, is entitled to adequate protection of its interests under 11 U.S.C. §§ 361, 362 and 363 as provided herein.

B. The entry of this Cash Collateral Order is in the best interest of the Debtor, its creditors, and the Debtor's estate, to enable the Debtor to operate.

IT IS, THEREFORE

ORDERED, ADJUDGED AND DECREED that the Debtor is hereby authorized to use cash collateral provided, however, that the Debtor may utilize only the sums stated in the Debtor's "Operating Budget," which Operating Budget is attached hereto as **Exhibit A** [Docket No. 4] and incorporated herein by reference for all purposes.  It is further

ORDERED, ADJUDGED AND DECREED that the Debtor is strictly prohibited from using cash collateral except as provided herein, and Lender does not consent to the Debtor's use of cash collateral except in strict accordance with the terms and conditions contained in this Cash Collateral Order and the Operating Budget plus a 10% variance per line item.  It is further

ORDERED, ADJUDGED AND DECREED that to secure the repayment of the cash collateral used by the Debtor hereunder from and after the Petition Date, pursuant to 11 U.S.C. § 361, and to the extent of the Debtor's use of cash collateral or the Lender's Collateral otherwise decreases in value during the pendency of this case, the Debtor hereby grants to Lender, effective as of the Petition Date, duly perfected security interests in and liens on all of Debtor's real and personal property, including but not limited to, stock, accounts, accounts receivable, contract

rights, general intangibles, goods, equipment, vehicles, fixtures, deposit accounts, materials, supplies, tax refunds, insurance policies, insurance refunds, real estate, leases, personal property leases, appliances, apparatus, tools, accessories, spare or replacement parts, furniture, inventory and all proceeds thereof, present and future products thereof, accessions, substitutions, renewals, improvements, replacements and additions thereto, now owned or hereafter acquired, save and except all claims and rights arising out of avoidable transfers and all property which if recovered or receivable by the Debtor or any trustee pursuant to any avoidance or recovery powers, including, without limitation, powers arising under Section 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code.  It is further

ORDERED, ADJUDGED AND DECREED that as further adequate protection, the Debtor will maintain casualty and loss insurance on the Lender's Collateral and provide proof of same to Lender by September 15, 2013.  It is further

ORDERED, ADJUDGED AND DECREED the Debtor shall execute and deliver to the Lender all such agreements, financing statements, instruments and other documents as the Lender may reasonably request to evidence, confirm, validate or perfect the liens granted pursuant hereto. The Debtor shall deliver a copy of its bank statement (or a screen shot) for the every month from and after the Petition Date to the Lender's counsel together with a description of all checks written in such period at least three (3) days prior to any hearing on further interim or final cash collateral approval.  It is further

ORDERED, ADJUDGED AND DECREED that the liens and security interests granted and created by the preceding paragraphs shall by virtue of this Cash Collateral Order and without the necessity of any other instruments or documents constitute valid and perfected liens and security interests in the collateral described above to the extent provided herein.  If needed, Lender shall be permitted to file or record such financial statements, deed instruments or mortgages or otherwise to confirm perfection of such security interests, mortgages and liens, and all such financing statements, deeds of trust or other similar documents as required to carry out the intent and applicable provisions of this Cash Collateral Order.  Any clerk or other recording officer or person shall file the Cash Collateral Order when presented for recording or filing this Cash Collateral Order.  It is further

ORDERED, ADJUDGED AND DECREED that in the event that the Debtor (i) violates or breaches any of the terms of this Cash Collateral Order <u>and</u> (ii) fails to cure said breach or default within five (5) business days after its receipt of a written notice of default and demand for cure ("Notice") from Lender describing the nature of the default and sent to the Debtor's counsel, then upon receipt by the Debtor's counsel of a second written notice from Lender, stating that the Debtor has failed to cure said default or breach, the Debtor's authority to use the cash collateral shall immediately terminate, except as otherwise ordered by the Court.  It is further

ORDERED, ADJUDGED AND DECREED that at all times, Lender shall have reasonable access to Debtor's business facilities and Debtor's books and records, and shall be provided financial information as Lender requests.  It is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed or construed to waive, limit or modify the rights of Lender to seek additional relief in this bankruptcy case in accordance with any provision of the Bankruptcy Code or applicable law. It is further

ORDERED, ADJUDGED AND DECREED that the terms of the Cash Collateral Order shall bind and inure to the benefit of the respective successors and assigns of each of the parties and this Cash Collateral Order shall be controlling upon the Debtor and its successors and assigns (including any successor trustee), notwithstanding the dismissal of this bankruptcy proceeding or the conversion of this case to a case under Chapter 7 of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DECREED that due date for responses to discovery served in connection with the final hearing on the use of Cash Collateral is hereby shortened to 14 days. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall, on or before February 12, 2010, serve by U. S. mail, first class postage prepaid, copies of the Motion, this Order, and a notice of the final hearing to be held on September 26, 2013 at 9:30 AM, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242 to consider entry of the proposed final order on, (a) the Office of the U. S. Trustee; (c) counsel to Lender; and (d) all parties requesting notice in this case. Copies of the Motion, this Order and the Notice of Hearing shall be served upon all persons requesting service of papers pursuant to Bankruptcy Rule 2002 by U. S. mail, first class postage prepaid, within one (1) business day following the receipt of such request.

*Agreed as to form and substance:*

SPECTOR & JOHNSON, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251

By:   */s/ Howard Marc Spector*
       Howard Marc Spector, State Bar No. 00785023

**COUNSEL FOR LENDER**


ARTHUR I. UNGERMAN
JOYCE W. LINDAUER
Attorneys at Law
8140 Walnut Hill Lane Suite 301
Dallas, Texas 75231

By: */s/ Arthur I. Ungerman*
      Arthur I. Ungerman, State Bar No. 21555700

**PROPOSED COUNSEL FOR THE DEBTOR**

# # # END OF ORDER # # #