

**U.S. BANKRUPTCY COURT**

**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 15, 2013**

*/s/ Harlin DeWayne Hale*
**United States Bankruptcy Judge**

___

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| JONESBORO HOSPITALITY, LLC | § | CASE NO: 13-34324-HDH |
| | § | |
| Debtor. | § | (Chapter 11) |

### THIRD AGREED INTERIM ORDER PROVIDING FOR ADEQUATE PROTECTION AND ALLOWING USE OF CASH COLLATERAL

On this day there came on for interim consideration JONESBORO HOSPITALITY, LLC's Motion for Use of Cash Collateral (the "Motion") pursuant to Sections 105, 361, 363 and 364 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4001, with respect to the use of cash collateral of Ciena Capital LLC as servicer for Bank of New York Mellon Trust Company, N.A. f/k/a the Bank of New York Trust Company, N.A., not in its individual capacity but solely as Indenture Trustee under that certain Indenture dated as of March 1, 2006, as the same may be amended from time to time, for the benefit of the Indenture Trustee and the holders of Business Loan Express Business Loan-Backed Notes, 2006-A and the Hedge Counter party, as their respective interest may appear (the

"Lender"). The Debtor appeared by and through its proposed counsel, David L. Woods, and announced that the Debtor and Lender agreed to extend the use of cash collateral on an interim basis through October 2013 and as set forth herein (the "Cash Collateral Order"). The Court finds that notice is sufficient and appropriate and that no objections to the Debtor's request have been filed. The Debtor represented to the Court that it will comply with the terms of this Cash Collateral Order. The parties hereto stipulate and agree as follows, and the Court hereby adopts said stipulation and agreement as findings of fact and conclusion of law as set forth below, and subject to the limitations set forth herein:

## I.    FINDINGS OF FACT

A.    This Court has jurisdiction of this contested matter pursuant to 28 U.S.C. §§ 157(b)(2)(G) and 1334 and 11 U.S.C. §§ 361, 362 and 363. This is a core proceeding.

B.    On August 27, 2013 (the "Petition Date"), the Debtor filed its Voluntary Petition in Bankruptcy under Chapter 11 of the Bankruptcy Code. Since that date, the Debtor has remained in possession of its property and operated its affairs as a debtor-in-possession.

C.    The operation of the Debtor's business requires that funds constituting Lender's cash collateral, as that term is defined in 11 U.S.C. § 363(a), be used by the Debtor to continue to meet its ordinary operating expenses. An immediate and critical need exists for the Debtor to obtain funds in order to continue the operation of its business consisting of a hotel doing business at 3006 Caraway Road, Jonesboro, Arkansas. Without such funds, the Debtor will not be able to pay its operating expenses and obtain goods and services needed to carry on its business during this sensitive period in a manner that will avoid irreparable harm to the Debtor's estate. At this time, the Debtor's ability to use cash collateral is vital to the confidence of the Debtor's vendors and suppliers of the goods and services, and to the preservation and maintenance of the going concern value of the Debtor's estate.

D.    Appropriate notice and opportunity for hearing on this Cash Collateral Order have been given in accordance with the provisions of Sections 361, 362 and 363 of the Bankruptcy Code.

E.    It is in the best interest of the Debtor's estate, its creditors and other parties-in-interest for the Debtor to use Lender's cash collateral in accordance with the terms of this Cash Collateral Order because such action will enable the Debtor to continue its on-going operations and will enhance the possibility of a successful reorganization in this case.

F. All of the parties hereto have acted in good faith in connection with this Cash Collateral Order.

G. Lender claims that it has a validly perfect first-priority lien on substantially all assets of the Debtor (the "Collateral").

H. Lender has consented to the use of its cash collateral, upon the terms and conditions of this Cash Collateral Order but not otherwise.

I. The Debtor is currently in possession of the cash collateral.

## II.    CONCLUSIONS OF LAW

A. Lender, as the holder of a secured claim against the Debtor, is entitled to adequate protection of its interests under 11 U.S.C. §§ 361, 362 and 363 as provided herein.

B. The entry of this Cash Collateral Order is in the best interest of the Debtor, its creditors, and the Debtor's estate, to enable the Debtor to operate.

IT IS, THEREFORE

ORDERED, ADJUDGED AND DECREED that to adequately protect Lender's interest in the Collateral, the Debtor will pay to Lender in care of its undersigned counsel or to any other address which Lender may provide in writing, $5,012 on November 1, 2013, which Lender may apply to the principal of its claim. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor is hereby authorized to use cash collateral provided, however, that the Debtor may utilize only the sums stated in the Debtor's November 2013 "Operating Budget," which Operating Budget is attached hereto as **Exhibit A** and incorporated herein by reference for all purposes. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor is strictly prohibited from using cash collateral except as provided herein, and Lender does not consent to the Debtor's use of cash collateral except in strict accordance with the terms and conditions contained in this Cash Collateral Order and the Operating Budget plus a 10% variance per line item. It is further

ORDERED, ADJUDGED AND DECREED that to secure the repayment of the cash collateral used by the Debtor hereunder from and after the Petition Date, pursuant to 11 U.S.C. § 361, and to the extent of the Debtor's use of cash collateral or the Lender's Collateral otherwise decreases in value during the pendency of this case, the Debtor hereby grants to Lender, effective as of the Petition Date, duly perfected security interests in and liens on all of Debtor's real and personal property, including but not limited to, stock, accounts, accounts receivable, contract rights, general intangibles, goods, equipment, vehicles, fixtures, deposit accounts, materials, supplies, tax refunds, insurance policies, insurance refunds, real estate, leases, personal property leases, appliances, apparatus, tools, accessories, spare or replacement parts, furniture, inventory and all proceeds thereof, present and future products thereof, accessions, substitutions, renewals,

improvements, replacements and additions thereto, now owned or hereafter acquired, save and except all claims and rights arising out of avoidable transfers and all property which if recovered or receivable by the Debtor or any trustee pursuant to any avoidance or recovery powers, including, without limitation, powers arising under Section 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code.  It is further

ORDERED, ADJUDGED AND DECREED that as further adequate protection, the Debtor will maintain casualty and loss insurance on the Lender's Collateral which shall continue to identify Lender as a loss payee on such insurance.  It is further

ORDERED, ADJUDGED AND DECREED the Debtor shall execute and deliver to the Lender all such agreements, financing statements, instruments and other documents as the Lender may reasonably request to evidence, confirm, validate or perfect the liens granted pursuant hereto. The Debtor shall deliver a copy of its bank statement (or a screen shot) for the every month from and after the Petition Date to the Lender's counsel together with a description of all checks written in such period at least three (3) days prior to any hearing on further interim or final cash collateral approval; the Debtor shall also prepare and provide to Lender a written true-up of post-petition budgeted and actual expenses at least three (3) days prior to the final hearing on the use of cash collateral.  It is further

ORDERED, ADJUDGED AND DECREED that the liens and security interests granted and created by the preceding paragraphs shall by virtue of this Cash Collateral Order and without the necessity of any other instruments or documents constitute valid and perfected liens and security interests in the collateral described above to the extent provided herein.  If needed, Lender shall be permitted to file or record such financial statements, deed instruments or mortgages or otherwise to confirm perfection of such security interests, mortgages and liens, and all such financing statements, deeds of trust or other similar documents as required to carry out the intent and applicable provisions of this Cash Collateral Order.  Any clerk or other recording officer or person shall file the Cash Collateral Order when presented for recording or filing this Cash Collateral Order.  It is further

ORDERED, ADJUDGED AND DECREED that in the event that the Debtor (i) violates or breaches any of the terms of this Cash Collateral Order and (ii) fails to cure said breach or default within five (5) business days after its receipt of a written notice of default and demand for cure ("Notice") from Lender describing the nature of the default and sent to the Debtor's counsel, then upon receipt by the Debtor's counsel of a second written notice from Lender, stating that the Debtor has failed to cure said default or breach, the Debtor's authority to use the cash collateral shall immediately terminate, except as otherwise ordered by the Court.  It is further

ORDERED, ADJUDGED AND DECREED that at all times, Lender shall have reasonable access to Debtor's business facilities and Debtor's books and records, and shall be provided financial information as Lender requests.  It is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed or construed to waive, limit or modify the rights of Lender to seek additional relief in this

bankruptcy case in accordance with any provision of the Bankruptcy Code or applicable law. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall mail a copy of this Agreed Order to all the entities on the list filed under Bankruptcy Rule 1007(d) and shall file a certificate of service with respect to said service within two (2) business days of the entry of this Agreed Order. It is further

ORDERED, ADJUDGED AND DECREED that Debtor is authorized to use Cash Collateral, in addition to payment of expenses in accordance with the Operating Budget, for payment of United States Trustee quarterly fees and any Court-ordered special charges, when due and payable. It is further

ORDERED, ADJUDGED AND DECREED that the terms of the Cash Collateral Order shall bind and inure to the benefit of the respective successors and assigns of each of the parties and this Cash Collateral Order shall be controlling upon the Debtor and its successors and assigns (including any successor trustee), notwithstanding the dismissal of this bankruptcy proceeding or the conversion of this case to a case under Chapter 7 of the Bankruptcy Code.

# # # END OF ORDER # # #

*Agreed as to form and substance:*

SPECTOR & JOHNSON, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251


By:   */s/ Howard Marc Spector (10/15/13)*
        Howard Marc Spector
        State Bar No. 00785023

**COUNSEL FOR LENDER**

        -and-

McGUIRE, CRADDOCK & STROTHER, P.C.
2501 N. Harwood, Suite 1800
Dallas, Texas 75201


By:   */s/ David L. Woods (10/15/13)*
        David L. Woods
        State Bar No. 24004167

**PROPOSED COUNSEL FOR THE DEBTOR**

**THIRD AGREED INTERIM ORDER PROVIDING FOR ADEQUATE**     **Page 5 of 5**
**PROTECTION AND ALLOWING USE OF CASE COLLATERAL**
1486805
1487286v.1 4314/0001

UNITED STATES BANKRUPTCY COURT
Northern District of Texas
Dallas Division

Case No: 313-34324-HDH-11
Ch 11

## Budget for November 2013

| | | |
|---|---:|---:|
| ESTIMATED REVENUE | $ | 130,000.00 |
| ESTIMATED EXPENSES | | |
| 3. Net Employee Payroll (Other than Debtor) | $ 34,000.00 | |
| 4. Payroll taxes inclusive of workers compensation, unemployement & other | $ 10,500.00 | |
| 5. Taxes- Occupancy, Sales tax and Other | $ 13,000.00 | |
| 6. Purchases (restaurant supplies) | $ 9,000.00 | |
| 7. Supplies- Rooms, Pool, Office | $ 2,000.00 | |
| 8. Utilities - Water, electricity, internet, telephone, sprinkler & waste disposal | $ 15,000.00 | |
| 9. Repairs and maintenance | $ 2,500.00 | |
| 10. Property Improvements | $ 1,500.00 | |
| 11. Franchise fee & software fee | $ 5,000.00 | |
| 12. Property Tax | $ 5,012.00 | |
| 13. Bank Charges, Credit card processing charges | $ 3,500.00 | |
| 14. Insurance -EPLI & Workers compensation | $ 4,700.00 | |
| 15. Sales commissions -Travel agencies, Online portals | $ 3,000.00 | |
| 16. Ciena Adquate protection | $ 5,012.00 | |
| 17. Mortgage 2 Colson | | |
| 18. Secured creditors for pre-petition business debts | | |
| 19. Professional fees | $ 5,000.00 | |
| 20. Total Monthly Expenses (Add items 3-19) | $ | 118,724.00 |
| Part D- ESTIMATED AVERAGE NET MONTHLY INCOME | | |
| 23. AVERAGE NET MONTHLY INCOME (Subtract item 20 from item 2) | $ | 11,276.00 |

**Exhibit A**